UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| RAMI N.I. TAWFIK, *et al*. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 11 Civ. 6455 (ALC) (JCF) |
| SHEIKH AL-AHMAD AL-JABER, AL-SABAH, *et al.,* | ) ) ) ) | **ECF Case** |
| Defendants. | ) ) | |

# SUGGESTION OF IMMUNITY
## SUBMITTED BY THE UNITED STATES OF AMERICA

 

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for United States of America*
86 Chambers Street, 6th Floor
New York, New York 10007
Tel.: (212) 637-2689

LOUIS A. PELLEGRINO
Assistant United States Attorney
– Of Counsel

The United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, pursuant to 28 U.S.C. § 517,[1] and at the invitation of this Court, respectfully informs the Court of the interest of the United States in the pending lawsuit against His Excellency Sheikh Sabah Al-Ahmad Al-Jaber Al-Sabah, the Emir and sitting head of state of the State of Kuwait, and hereby informs the Court that Sheikh Al-Sabah is immune from this suit.[2]  In support of its interest and determination, the United States sets forth as follows:

1.     The United States has an interest in this action because the sole remaining Defendant, Sheikh Al-Sabah, is the sitting head of state of a foreign state, thus raising the question of Sheikh Al-Sabah's immunity from the Court's jurisdiction while in office.  The Constitution assigns to the U.S. President alone the responsibility to represent the Nation in its foreign relations.  As an incident of that power, the Executive Branch has sole authority to determine the immunity from suit of sitting heads of state.  The interest of the United States in this matter arises from a determination by the Executive Branch of the Government of the United States, in consideration of the relevant principles of customary international law, and in the implementation of its foreign policy and in the conduct of its international relations, to recognize Sheikh Al-Sabah's immunity from this suit while in office.[3]  As discussed below, this determination is controlling and is not subject to judicial review.  Thus, no court has ever

---

[1] 28 U.S.C. § 517 provides that "any officer of the Department of Justice[] may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States."

[2] In this Suggestion of Immunity, the United States expresses no view on the merits of Plaintiffs' claims.

[3] The fact that the Executive Branch has the constitutional power to determine that a sitting head of state is immune does not mean that it will do so in every case.  The Executive Branch's decision in each case is guided, *inter alia*, by consideration of international norms and the implications of the litigation for the Nation's foreign relations.

subjected a sitting head of state to suit once the Executive Branch has determined that a head of state is immune.

2.  The Legal Adviser of the U.S. Department of State has informed the Department of Justice that Kuwait has formally requested the Government of the United States to determine that Sheikh Al-Sabah is immune from this lawsuit. The Legal Adviser has further informed the Department of Justice that the "Department of State recognizes and allows the immunity of Sheikh Al-Sabah as a sitting head of state from the jurisdiction of the United States District Court in this suit." Letter from Harold Hongju Koh to Stuart F. Delery (copy attached as <u>Exhibit A</u>).

3.  The immunity of foreign states and foreign officials from suit in our courts has different sources. For many years, such immunity was determined exclusively by the Executive Branch, and courts deferred completely to the Executive's foreign sovereign immunity determinations. *See, e.g., Republic of Mexico v. Hoffmann*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow, or to allow an immunity on new grounds which the government has not seen fit to recognize."). In 1976, Congress codified the standards governing suit against foreign states in the Foreign Sovereign Immunities Act, transferring to the courts the responsibility for determining whether a foreign state is subject to suit. 28 U.S.C. §§ 1602 *et seq*.; *see id*. § 1602 ("Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.").

4.  As the Supreme Court recently explained, however, Congress has not similarly codified standards governing the immunity of foreign officials from suit in our courts. *Samantar v. Yousuf*, 130 S. Ct. 2278, 2292 (2010) ("Although Congress clearly intended to supersede the

common-law regime for claims against foreign states, we find nothing in the statute's origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."). Instead, when it codified the principles governing the immunity of foreign states, Congress left in place the practice of judicial deference to Executive Branch immunity determinations with respect to foreign officials. *See id.* at 2291 ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."). Thus, the Executive Branch retains its historic authority to determine a foreign official's immunity from suit, including the immunity of foreign heads of state. *See id.* at 2284–85 & n.6 (noting the Executive Branch's role in determining head of state immunity).

5. The doctrine of head of state immunity is well established in customary international law. *See Satow's Guide to Diplomatic Practice* 9 (Lord Gore-Booth ed., 5th ed. 1979). In the United States, head of state immunity decisions are made by the Department of State, incident to the Executive Branch's authority in the field of foreign affairs. The Supreme Court has held that the courts of the United States are bound by Suggestions of Immunity submitted by the Executive Branch. *See Hoffman*, 324 U.S. at 35–36; *Ex parte Peru*, 318 U.S. 578, 588–89 (1943). In *Ex parte Peru*, in the context of foreign state immunity, the Supreme Court, without further review of the Executive Branch's immunity determination, declared that such a determination "must be accepted by the courts as a conclusive determination by the political arm of the Government." 318 U.S. at 589. After a Suggestion of Immunity is filed, it is the "court's duty" to surrender jurisdiction. *Id.* at 588. The courts' deference to Executive Branch determinations of foreign state immunity is compelled by the separation of powers. *See, e.g., Spacil v. Crowe*, 489 F.2d 614, 619 (5th Cir. 1974).

6. For the same reason, courts have also routinely deferred to the Executive Branch's immunity determinations concerning sitting heads of state. *See Ye v. Jiang Zemin*, 383 F.3d 620, 626 (7th Cir. 2004) ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988) (holding that the determination of Prime Minister Thatcher's immunity was conclusive in dismissing a suit that alleged British complicity in U.S. air strikes against Libya), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989). When the Executive Branch determines that a sitting head of state is immune from suit, judicial deference to that determination is predicated on compelling considerations arising out of the Executive Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *Spacil*, 489 F.2d at 618). Judicial deference to the Executive Branch in these matters, the court of appeals noted, is "motivated by the caution we believe appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id. See also Spacil*, 489 F.2d at 619 ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy." (citing *United States v. Lee*, 106 U.S. 196, 209 (1882))); *Ex parte Peru*, 318 U.S. at 588.[4] As noted above, in no case has a court subjected

---

[4] As other courts have explained, the Executive Branch possesses substantial institutional resources and extensive experience with which to conduct the country's foreign affairs. *See, e.g., Spacil*, 489 F.2d at 619; *United States v. Truong Dinh Hung*, 629 F.2d 908, 913–14 (4th Cir. 1980). Furthermore, "in the chess game that is diplomacy only the executive has a view of the entire board and an understanding of the relationship between isolated moves." *Spacil*, 489 F.2d at 619.

a sitting head of state to suit after the Executive Branch has determined that the head of state is immune.[5]

7.     Under the customary international law principles accepted by the Executive Branch, head of state immunity attaches to a head of state's status as the current holder of the office. After a head of state leaves office, however, that individual generally retains residual immunity only for acts taken in an official capacity while in that position. *See* 1 *Oppenheim's International Law* 1043–44 (Robert Jennings & Arthur Watts eds., 9th ed. 1996). In this case, because the Executive Branch has determined that Sheikh Al-Sabah, as the sitting head of a

---

[5] *See Manoharan v. Rajapaksa*, -- F. Supp. 2d --, 2012 WL 642446 (D.D.C. Feb 29, 2012); *Habyarimana v. Kagame*, -- F. Supp. 2d --, 2011 WL 5170243, at *19 (W.D. Okl. Oct. 28, 2011) ("Where the United States' Executive Branch has concluded that a foreign head of state is immune from suit, and where it has urged the Court to take recognition of that fact and to dismiss the suit pending against said head of state, the Court is bound to do so."), *appeal docketed*, No. 11-6315 (10th Cir. Nov. 30, 2011); *Doe v. Roman Catholic Diocese of Galveston-Houston*, 408 F. Supp. 2d 272, 278 (S.D. Tex. 2005) ("The executive's [head of state immunity] determination is not subject to additional review by a federal court."); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign should be immune from the jurisdiction of American courts, that conclusion is determinative."); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001) (holding that the Executive Branch's immunity determination on behalf of the Queen of Jordan "is entitled to conclusive deference from the courts"); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297 (S.D.N.Y. 2001) (dismissing a suit against the President and Foreign Minister of Zimbabwe based upon a Suggestion of Immunity filed by the Executive Branch), *aff'd on other grounds sub nom.*, *Tachiona v. United States*, 386 F.3d 205 (2d Cir. 2004); *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1104, 1119 (D.D.C. 1996) ("The United States has filed a Suggestion of Immunity on behalf of H.H. Sheikh Zayed, and courts of the United States are bound to accept such head of state determinations as conclusive."); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (concluding that the recognition by the Executive Branch of King Fahd's immunity as the head of state of Saudi Arabia required dismissal of a complaint against King Fahd for false imprisonment and abuse), *aff'd*, 79 F.3d 1145 (5th Cir. 1996); *Lafontant v. Aristide*, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) (recognizing that the determination by the Executive Branch of Haitian President Aristide's immunity was binding on the court and required dismissal of the case); *Anonymous v. Anonymous*, 181 A.D.2d 629, 629–30, 1581 N.Y.S.2d 726, 777 (1st Dep't 1992) (dismissing suit against unnamed head of state based on Executive Branch determination of immunity); *Kline v. Kaneko*, 141 Misc.2d 787, 535 N.Y.S.2d 303 (Sup. Ct. N.Y. Cty. 1988) (dismissing suit based on "conclusive" determination of head of state immunity), *aff'd*, 154 A.D.2d 959, 546 N.Y.S.2d 506 (1st Dep't 1989).

foreign state, enjoys head of state immunity from the jurisdiction of U.S. courts in light of his current status, Sheikh Al-Sabah is entitled to immunity from the jurisdiction of this Court over this suit.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits to the Court that Sheikh Al-Sabah is immune in this action.

Dated:  April 5, 2012

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

    /s/ Louis A. Pellegrino
By:  LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2689
Fax:  (212) 637-2686
Email: louis.pellegrino@usdoj.gov

*Counsel for the United States of America*

# Exhibit A

THE LEGAL ADVISER
DEPARTMENT OF STATE
WASHINGTON

March 28, 2012

Hon. Stuart F. Delery
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

    Re:    *Tawfik et al. v. Al-Sabah et al.*, Civil Action No. 11-6455 (ALC) (JCF) (S.D.N.Y)

Dear Stuart:

    The above-referenced suit names His Excellency Sheikh Sabah Al-Ahmad al-Jaber Al-Sabah as a defendant. Sheikh Al-Sabah is currently the Emir and sitting head of state of Kuwait and, in light of his current status, the State of Kuwait has asked the Department of State to take the steps necessary to have this action against the Emir dismissed on the basis of his immunity from United States jurisdiction as a foreign head of state while in office.

    The Department of State recognizes and allows the immunity of Sheikh Al-Sabah as a sitting head of state from the jurisdiction of the United States District Court in this suit. Under common law principles of immunity articulated by the Executive Branch in the exercise of its constitutional authority over foreign affairs and informed by customary international law, Sheikh Al-Sabah, as the sitting head of state of a foreign state, is immune from the jurisdiction of the United States District Court in this suit while in office. Accordingly, the Department of State requests that the Department of Justice submit a determination of immunity to the district court at the earliest opportunity. The Department further requests that the Department of Justice note in its filing, as it has in previous filings, that the Executive Branch retains the authority to refrain from making a similar immunity determination in future cases, considering, for example, international norms and the implications of the litigation for the Nation's foreign relations.

- 2 -

This letter recognizes the particular importance attached by the United States to obtaining the prompt dismissal of the proceedings against Sheikh Al-Sabah in view of the significant foreign policy implications of such an action.

Sincerely,

Harold Hongju Koh
Legal Adviser